672 F.2d 426
 10 O.S.H. Cas.(BNA) 1495, 1982 O.S.H.D. (CCH)
P 26,002
 S & H RIGGERS & ERECTORS, INC., Petitioner,
v.
OCCUPATIONAL SAFETY & HEALTH REVIEW COMMISSION and Raymond
J. Donovan, Secretary of Labor, Respondents.
STANDARD ROOFING & SHEET METAL, INC., Petitioner,
v.
OCCUPATIONAL SAFETY & HEALTH REVIEW COMMISSION and Raymond
J. Donovan, Secretary of Labor, Respondents.
S & H RIGGERS & ERECTORS, INC., Petitioner,
v.
OCCUPATIONAL SAFETY & HEALTH REVIEW COMMISSION and Raymond
J. Donovan, Secretary of Labor, Respondents.
 Nos. 79-2358, 79-3319 and 80-7297.
 United States Court of Appeals,
Fifth Circuit.
 
 Unit B*
 April 5, 1982.
 Stokes & Shapiro, Ira J. Smotherman, Jr., Atlanta, Ga., for petitioner.
 
 
 1
 Ann D. Nachbar, U. S. Dept. of Labor, Washington, D. C., for respondents in Nos. 79-2358 and 79-3319.
 
 
 2
 Allen H. Feldman, U. S. Dept. of Labor, Washington, D. C., for respondents in No. 79-2358.
 
 
 3
 Anthony J. Steinmeyer, Marleigh Dover Lang, Dept. of Justice, Civ. Div., John R. Bradley, Atty., U. S. Dept. of Labor, Robert E. Kopp, Acting Director, Appellate Staff, Civ. Div., Dept. of Justice, Washington, D. C., for respondents in No. 80-7297.
 
 
 4
 Petitions for Review of Orders of the Occupational Safety and Health Review Commission.
 
 
 5
 On Application for Attorney Fees and Other Expenses
 
 
 6
 Before GODBOLD, Chief Judge, TUTTLE and HILL, Circuit Judges.
 
 GODBOLD, Chief Judge:
 
 7
 Petitioners S & H Riggers & Erectors, Inc. and Standard Roofing & Sheet Metal, Inc. have applied for attorney fees and other expenses as prevailing parties against respondents Occupational Safety and Health Review Commission and the Secretary of Labor. See S & H Riggers & Erectors, Inc. v. OSHRC, 659 F.2d 1273 (5th Cir. 1981). Petitioners apply under two provisions of the recently enacted Equal Access to Justice Act (EAJA), P.L. 96-481, Title II, 94 Stat. 2325 (1980). The first provision allows an award of fees for legal expenses incurred at the appellate court level in litigation against the government:
 
 28 U.S.C. § 2412(d)(1)(A):
 
 8
 (A) court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.[1]
 
 
 9
 In actions for review of agency decisions the second provision allows this court to award in addition fees and expenses incurred at the agency level:
 
 
 10
 28 U.S.C. § 2412(d)(3):In awarding fees and other expenses under this subsection to a prevailing party in any action for judicial review of an adversary adjudication, as defined in (5 U.S.C. § 504(b)(1)(C) ) ... the court shall include in that award fees and other expenses to the same extent authorized in subsection (a) of such section, unless the court finds that during such adversary adjudication the position of the United States was substantially justified, or that special circumstances make an award unjust.
 
 
 11
 5 U.S.C. § 504(a)(1), which this provision references, is substantially identical to the first provision, 28 U.S.C. § 2412(d)(1)(A). Thus, in short, under the EAJA, petitioners are entitled to attorney fees and other expenses unless the government's position was substantially justified or there are special circumstances.
 
 
 12
 Respondents raise several substantial objections to an award of fees. We find it necessary to address only the following issues:
 
 
 13
 1. Whether the EAJA applies retroactively to fees at the agency proceedings that were not pending on the Act's effective date, October 1, 1981;
 
 
 14
 2. Whether OSHRC, as an independent adjudicatory agency, should not be charged with fees under the EAJA; and
 
 
 15
 3. Whether the government's position on appeal was substantially justified or marked by special circumstances.[2]
 
 I. Retroactivity
 
 16
 The EAJA took effect October 1, 1981 and applies "to any adversary adjudication, as defined in (5 U.S.C. § 504(b)(1)(C) ) and any civil action or adversary adjudication described in (28 U.S.C. § 2412), which is pending on, or commenced on or after, such date." EAJA, P.L. 96-481, Title II, § 208, 94 Stat. 2330 (1980). The agency adversary adjudications involved in this case were not pending October 1, 1981, for the case was then on appeal. The Act clearly distinguishes between proceedings at the agency level and proceedings on appeal; thus we decline to view the former as merely a continuation of the latter.[3] See 28 U.S.C. § 2412(d)(3); compare 28 U.S.C. § 2412(d) with 5 U.S.C. § 504. Therefore, only the proceedings before this court are affected by the Act and are a source for the award of attorney fees. Our further discussion is accordingly focused only on 28 U.S.C. § 2412(d)(1) and (2).[4]
 
 II. Liability of OSHRC
 
 17
 OSHRC contends that it would be inappropriate for it to suffer an award of attorney fees because it functions solely as an independent adjudicatory agency, the real party respondent in interest being the Secretary of Labor. OSHRC observes that it is only a nominal respondent, named in this petition for review because of the dictate of FRAP 15(a).[5]
 
 
 18
 Several circuits have expressed the view that OSHRC is unlike other agencies whose rulings are subject to judicial review in the court of appeals such as the FTC or the NLRB, because OSHRC possesses only adjudicatory functions and powers and has no substantive rulemaking or policymaking prerogative. See Marshall v. OSHRC, 635 F.2d 544 (6th Cir. 1980); Marshall v. Sun Petroleum Products Co., 622 F.2d 1176 (3d Cir. 1980), cert. denied, 449 U.S. 1061, 101 S.Ct. 784, 66 L.Ed.2d 604 (1981); Dale M. Madden Construction Inc. v. Hodgson, 502 F.2d 278, 280 (9th Cir. 1974). Other circuits appear to disagree, including the former Fifth Circuit, see Diamond Roofing Co. v. OSHRC, 528 F.2d 645, 648 n.8 (5th Cir. 1976); Brennan v. Gilles & Cotting, Inc., 504 F.2d 1255, 1262 (4th Cir. 1974), reasoning that OSHRC, while not possessing substantive rulemaking powers, might be viewed as having a policymaking role in the decision of the adjudicatory cases that come before it, see Gilles, supra, 504 F.2d at 1262.
 
 
 19
 It is unnecessary for us to resolve this tension in the caselaw or to decide whether OSHRC should never suffer a fee award in a petition for review, because we find that in this case special circumstances make the award of fees unjust. This is one of the two exceptions to 28 U.S.C. § 2412(d)(1)(A). Whether OSHRC has the authority to defend a review of its decision, in this case it did not file a brief or participate in oral argument. Review of its decision was prosecuted solely by the Secretary of Labor. OSHRC was not advancing any policy or legal position; it was merely a nominal party and not a force in prosecuting this appeal. OSHRC's role with respect to our review was similar to that of a district court in its relation to a case on appeal. It would be manifestly inappropriate for OSHRC to bear a portion of the expenses of the appeal. These are "special circumstances" sufficient to make an award unjust under the Act.
 
 III. Substantial Justification
 
 20
 We turn then to whether the Secretary of Labor's position before this court was "substantially justified." We look first to the legislative history of the EAJA for guidance in the application of this term.
 
 
 21
 The EAJA was enacted as a three-year experiment[6] in the allocation of the costs of litigation involving the government. The Act rejects the traditional "American rule" of attorney fees according to which fees are not awarded unless the suit was prosecuted in bad faith because otherwise the effect would be to penalize and deter good faith litigation, and moves toward the English rule that the prevailing party ordinarily is awarded the costs of litigation. H.R.Rep.No.1418, 96th Cong., 2d Sess. 8-10 (1980), reprinted in 1980 U.S.Code Cong. & Ad.News 4953, 4986-88. The premise of the English rule is that a fee award is not a sanction to deter or penalize losing litigation but is a proper allocation of the costs of the litigation and a measure that lifts the cost deterrent facing the successful litigant. This view is expressed in the legislative history:
 
 
 22
 The bill rests on the premise that a party who chooses to litigate an issue against the Government is not only representing his or her own vested interest but is also refining and formulating public policy .... The bill thus recognizes that the expense of correcting error on the part of the Government should not rest wholly on the party whose willingness to litigate or adjudicate has helped to define the limits of Federal authority. Where parties are serving a public purpose, it is unfair to ask them to ... bear the costs of vindicating their rights.
 
 
 23
 Id. at 10, 1980 U.S.Code Cong. & Ad.News at 4988-89.
 
 
 24
 Although this "public purpose" view of private litigation against the government guided the drafters of the Act, it is manifestly not the sole premise of the legislation, for the Act does not adopt the position that the government should compensate all prevailing parties but instead enacts a compromise position embodied in the standard of "substantial justification:"
 
 
 25
 This standard balances the constitutional obligation of the executive branch to see that the laws are faithfully executed against the public interest in encouraging parties to vindicate their rights.
 
 
 26
 Id. at 10, 1980 U.S.Code Cong. & Ad.News at 4989.
 
 
 27
 Despite this lack of a precise theoretical underpinning, some practical articulation of the standard can be derived from further discussion in the legislative history. The standard is not as lenient as that governing fee awards against plaintiffs in Title VII suits, where to avoid the award the plaintiff need only show that the case was nonfrivolous, that is, having some justification, merit or foundation. See Christiansburg Garmet Co. v. EEOC, 434 U.S. 412, 420-21, 98 S.Ct. 694, 699-700, 54 L.Ed.2d 648 (1978). By contrast, under the EAJA, the justification for the government's position must be "substantial." Moreover, the burden of demonstrating substantial justification rests with the government. And where a party "prevails upon judicial review of an adversary adjudication, (i)n these cases in particular, where a party has had to engage in lengthy administrative proceedings before final vindication of his or her rights in the courts, the government should have to make a strong showing to demonstrate that its action was reasonable." H.R.Rep.No.1418, supra, at 10, 18; 1980 U.S.Code Cong. & Ad.News, at 4989, 4997 (emphasis added).
 
 
 28
 The burden of showing substantial justification for a case that respondents lost is not insurmountable:
 
 
 29
 The standard ... should not be read to raise a presumption that the Government position was not substantially justified, simply because it lost the case. Nor, in fact, does the standard require the Government to establish that its decision to litigate was based on a substantial probability of prevailing.
 
 
 30
 Id. at 11, 1980 U.S.Code Cong. & Ad.News at 4990. And despite the requirement of a "strong showing" of a substantial justification, the standard is not heightened beyond the requirement that the government show "that its case had a reasonable basis both in law and fact," for "the test of whether or not a government action is substantially justified is essentially one of reasonableness." Id. at 11, 1980 U.S.Code Cong. & Ad.News at 4989.
 
 
 31
 Respondents proffer three areas in which their case has substantial justification. The primary holding in S & H Riggers, supra, is that B & B Insulation Inc. v. OSHRC, 583 F.2d 1364 (5th Cir. 1978), and its progeny, are reaffirmed and that industry practices are controlling in a finding of failure to provide personal protective equipment under 29 C.F.R. § 1926.28(a), absent actual, specific, confirmed knowledge of a need for such equipment. Respondents contend: (1) petitioners had actual knowledge; (2) the obviousness of a hazard is an additional exception to the controlling effect of industry practice; and (3) the Commission's interpretation of the reasonable man standard, referring to but not giving controlling effect to industry practice, confers sufficient notice to employers that the due process concerns expressed in prior Fifth Circuit opinions are avoided. The actual knowledge position was rejected for lack of substantial evidence. 659 F.2d at 1283-84. It would thus be difficult to say that there was substantial justification for this position. The new obviousness exception offered to the court appears to be simply a diluted version of the actual knowledge exception and was foreclosed by a prior decision, id. at 1282, so there was little basis on which to expect the court to adopt this additional modification of the industry practice rule. We do not decide whether these two contentions fail to discharge the government's burden, however, because there was substantial justification in the third position.
 
 
 32
 Prior precedents of the former Fifth Circuit (discussed in S & H Riggers ) which looked to industry practice to define the standard of care under 29 C.F.R. § 1926.28(a) were premised in part on the lack of an authoritative interpretation of that provision sufficient to give notice to employers of required conduct. S & H Riggers presented an occasion for fresh consideration of these precedents because the agency enunciated for the first time a standard to be applied under § 1926.28(a), which standard relied in part on industry practice. Id. at 1278. We stated that the new standard "in theory ... might be adequate to meet requirements of due process" but that it met difficulties in its application because it failed to articulate under what circumstances industry practice would not set the standard of conduct. Id. at 1280-81. One instance where Congress felt that a fee award would be inappropriate occurs when the government is "advancing in good faith a novel but credible extension and interpretation of the law." H.R.Rep. No. 1418, supra, at 11, 1980 U.S.Code Cong. & Ad.News at 4990. The proposition that the Commission's new interpretation of § 1926.28(a) cured due process defects perceived in prior Fifth Circuit cases is a "novel but credible extension or interpretation of the law" that has substantial justification. We find that the government has met its burden of making a "strong showing" that its position has a reasonable basis in law.
 
 
 33
 The application for attorney fees and other expenses is DENIED.
 
 
 
 *
 Former Fifth Circuit case, Section 9(1) of Public Law 96-452-October 14, 1980
 
 
 [1]
 "United States" is defined to include federal agencies and officers. 28 U.S.C. § 2412(d)(2)(C). "Party" is defined to exclude larger companies and wealthier individuals: A "party" is an individual with a net worth of $1 million or less, a company with a net worth of $5 million or less, or a company with 500 employees or less. Id. at § 2412(d)(2)(B). "Party" appears to be defined differently in the legislative history and in the companion provision, 5 U.S.C. § 504(a) (discussed infra), to include only companies with net worth of $1 million or less and 500 employees or less
 
 
 [2]
 We need not address the contentions that the government's position was substantially justified at the agency level, that principles of sovereign immunity preclude our construing the EAJA to apply to fees incurred before its effective date, and that petitioner's application did not meet the prima facie requirements set forth in 28 U.S.C. § 2412(d)(1)(B)
 
 
 [3]
 This is not so for proceedings before a district court versus proceedings on appeal. Our conclusion might differ in a non-agency case
 
 
 [4]
 Respondents also contend that, at the appellate court level, an award may be based only on fees incurred after October 1, 1981. They reason that because § 2412 effects a waiver of sovereign immunity, the award of fees must be more explicit with regard to fees incurred before the effective date. Cf. Brookfield Construction Co. v. U. S., 661 F.2d 159 (Ct.Cl.1981) (new interest rate provision applies prospectively only). But see Photo Data, Inc. v. Sawyer, --- F.Supp. ---- (No. 81-2435, D.D.C. Feb. 22, 1982). Our disposition of other issues makes it unnecessary to address this contention
 
 
 [5]
 Rule 15(a) requires that "(i)n each case (of a petition for review of an agency action) the agency shall be named respondent."
 
 
 [6]
 Under the Act's "sunset provision," the Act is repealed October 1, 1984. 28 U.S.C. § 2412 note