**Alfredo BAZALDUA,**
**Plaintiff-Appellant,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE and James H. Selbe, Acting Chief Patrol Agent, INS, McAllen, Texas, Defendants-Appellees.**

**No. 85–2195**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 19, 1985.

James A. Herrmann, Harlingen, Tex., for plaintiff-appellant.

Henry K. Oncken, U.S. Atty., Michael K. Suarez, Sp. Asst. U.S. Atty., C.J. (Neil) Calnan, James R. Gough, Asst. U.S. Attys., Houston, Tex., for defendants-appellees.

Before RUBIN, REAVLEY and HILL, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

Alfredo Bazaldua appeals the denial by the district court of his request for attorney's fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Because we find the position of the United States substantially justified, we affirm the order of the district court.

## I.

On July 26, 1982, Bazaldua's daughter was apprehended transporting eleven undocumented aliens in his 1973 pickup truck. The Immigration and Naturalization Service (INS) seized the truck and four days later sent notification to Bazaldua. Bazaldua wrote the INS and requested the return of his truck, explaining that his daughter had borrowed the truck to move furniture and that he knew nothing of her involvement in transporting undocumented aliens. The INS denied Bazaldua's request because the INS found it "highly unlikely" that he was unaware of the activities of his daughter, allegedly a member of his own household, in the smuggling of undocumented aliens. By letter of December 17, Bazaldua was informed that steps were being taken to forfeit his truck. On December 27, notice of intended forfeiture was first published in a local newspaper. Bazaldua filed a petition for remission on January 14, 1983, and this petition was similarly denied.

Bazaldua sought judicial review by filing a complaint in district court on February 2, 1983, and sending a claim and a cost bond to the INS on the following day. The government filed its answer on February 22. On March 15, Bazaldua filed his first set of discovery requests, and after extensions in the discovery schedule were approved by the court, Bazaldua's motion to compel was granted on November 8. Thereafter, the parties agreed to the return of Bazaldua's truck, and a consent judgment was filed on January 18, 1984. Subsequently, Bazaldua requested attorney's fees and expenses under the EAJA, and after a hearing the district court denied this request, finding the government's position to be "substantially justified." The sole issue on appeal is the denial of attorney's fees.

## II.

Bazaldua sought attorney's fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). The EAJA provides in pertinent part that a court shall award fees and other expenses incurred by a "prevailing party" in a suit against the United States unless "the position of the United States was substantially justified...."[1] The government does not challenge the district court's finding that Bazaldua was a prevailing party within the meaning of the EAJA. The issue on appeal is whether the government's position was substantially justified.[2]

We note initially that a district court's denial of an award under the EAJA is reviewed under an abuse of discretion standard. *Knights of the Ku Klux Klan Realm of Louisiana v. East Baton Rouge Parish School Board*, 679 F.2d 64, 69 (5th Cir. 1982). Under the EAJA, "abuse of discretion" is

> given the same special meaning accorded that term in the review of preliminary injunctions and other preliminary orders: "On one hand, it has been interpreted to require highly deferential review of district courts' tentative findings of fact;

---

1. The provision in full reads as follows:

   Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (as amended by Pub. L.No. 99–80, § 2(a)(2), 99 Stat. 184 (1985)).

2. We note that on October 1, 1984, during the pendency of this action, the original EAJA expired, due to a "sunset" provision. Pub.L.No. 96–481, § 203[c], 94 Stat. 2327 (1980). This law explicitly provides, however, that the EAJA would "continue to apply through final disposition of any adversary adjudication ... initiated before the date of repeal." *Id.* Moreover, the EAJA was reenacted and amended on August 5, 1985, effective for all cases pending on that date. Pub.L.No. 99–80, §§ 6(a), 7(a), 99 Stat. 186 (1985). Thus, Bazaldua's claim is governed by the amended EAJA.

such determinations are not overturned unless 'clearly erroneous' and, in practice, are rarely subjected to critical examination." ... "On the other hand, it allows for close scrutiny of law."

*Houston Agricultural Credit Corp. v. United States,* 736 F.2d 233 (5th Cir.1984) (citations omitted) (quoting *Spencer v. N.L.R.B.,* 712 F.2d 539, 565 (D.C.Cir.1983), *cert. denied,* — U.S. —, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984)).

▮ The test of whether or not a government position is substantially justified is essentially one of reasonableness. *Russell v. National Mediation Board,* 775 F.2d 1284, 1289 (5th Cir.1985). Where the government shows that its position had a reasonable basis in both law and fact, no award will be made; this test is a middle ground between an automatic award to a prevailing party and a restrictive standard which would have required the prevailing party to show the government position to be frivolous and groundless. *Knights of the Ku Klux Klan,* 679 F.2d at 68. The burden of demonstrating substantial justification rests with the government. *S & H Riggers & Erectors, Inc. v. Occupational Safety & Health Review Commission,* 672 F.2d 426, 430 (5th Cir.1982). The EAJA's reference to "position" means, in addition to the position taken by the government in litigation, the underlying agency action. Pub.L.No. 99–80, § 2(c)(2)(B), 99 Stat. 185 (1985) (to be codified at 28 U.S.C. § 2412(d)(2)(D)).

The government has advanced substantial reasons for its opposition to Bazaldua's claim. First, the government argues that the district court lacked subject matter jurisdiction based on Bazaldua's failure to timely file a claim and cost bond as required by the regulations. *See* 8 C.F.R. §§ 274.1–.21 (1985).[3] Second, the government, relying on *One 1977 Volvo 242DL v. United States,* 650 F.2d 660 (5th Cir.1981), argues that a district court is generally without jurisdiction to review an administrative forfeiture. The government also defends the regulations and agency actions against Bazaldua's claim that both were violative of due process. Moreover, the government argues that even if the district court had jurisdiction to review the agency's actions, those actions were reasonable and did not constitute an abuse of the agency's discretion.[4] The district court concluded that "a reasonable basis existed, factually and legally for the government's defensive position," and found the position of the United States to be substantially justified.

Bazaldua on appeal does not specifically challenge the substance of any of the government's defenses, but claims that the government's position "was not substantially justified because the [government] had no litigating position other than delay." Bazaldua argues that the attorney's fee hearing before the district court should not have considered the merits of the government's defenses. Bazaldua points to the government's delay in answering his discovery requests as conclusive on the issue of substantial justification. We disagree.

▮ Bazaldua's complete failure to respond to the government's showing of substantial justification precludes us from finding that the district court abused its discretion in denying fees and expenses

---

**3.** The regulations provide for judicial review as follows:

> Any person claiming ownership of a seized conveyance may obtain judicial review by filing a claim within 20 days of the date of first publication of the notice of seizure, alleging that the conveyance was improperly seized, and posting bond to cover all the costs and expenses of the proceedings if forfeiture is denied.

8 C.F.R. §§ 274.10(a) (1985). Bazaldua did not file his claim and cost bond within twenty days

of December 27, 1982, the date of publication of intended forfeiture.

**4.** The government refers to evidence admitted in the district court hearing on attorney's fees to show the reasonableness of the agency's determination that Bazaldua was aware of his daughter's smuggling. This evidence was in support of the government's allegations that Bazaldua's daughter's own truck was seized two weeks before the seizure of Bazaldua's truck, and that the agreement to smuggle the aliens on July 26, 1982, was concluded at Bazaldua's residence.

under the EAJA. Bazaldua's arguments would have us award fees and expenses on the basis of the government's pre-settlement delay, without regard to the merits of the government's defenses. However, Bazaldua is not entitled to such an award merely because he is a prevailing party. The government is not liable for fees and expenses in every case in which it does not prevail. *S & H Riggers,* 672 F.2d at 430. While we need not reach the question of whether the government would have ultimately prevailed had its defenses been tested in further litigation, we agree with the district court's determination that the government met its burden of showing substantial justification.[5]

■ The government's delay in settling the case is not by itself a sufficient ground for the award of attorney's fees and expenses under the EAJA where the government has propounded defenses undisputed by Bazaldua.[6] The government's decision to settle Bazaldua's possibly untenable claim should not be penalized by the imposition of fees and expenses. The government's delay in responding to discovery requests exposed it to possible sanctions under the Rules of Civil Procedure. *See* Fed.R.Civ.P. 37(a)(4) (providing for award of fees and expenses to moving party). The district court did not award any sanctions against the government pursuant to its order to compel, and Bazaldua does not now challenge that determination. Bazaldua may not relitigate the issue of discovery sanctions under the guise of an EAJA request.

We therefore AFFIRM the order of the district court denying Bazaldua's application for fees and expenses.

---

5. Bazaldua contends that had the government responded to his discovery requests, he would have been in a better position to support his application for attorney's fees. However, Bazaldua has failed to explain why the government's settlement of the case prior to responding to discovery requests conclusively shows that none of the facially substantial defenses are actually viable. Bazaldua's contention would have us either award fees and expenses in every such settlement (ignoring the purposes of the EAJA's substantial justification standard) or else order new discovery after judgment in order to resolve the attorney's fee issue. We decline to adopt either course of action.

6. Some courts have indicated that pre-settlement delay can be equated with the assumption of a litigating position that is unreasonable and not substantially justified where the government apparently lacks viable defenses. *See Environmental Defense Fund, Inc. v. Watt,* 722 F.2d 1081, 1086 (2d Cir.1983) ("We find it incumbent upon the government to abandon its opposition to the other party as soon as it becomes apparent that its litigation stance is not substantially justified."). *Bailey v. United States,* 721 F.2d 357, 360–61 (Fed.Cir.1983) (remanding for consideration of whether failure to settle promptly is a litigating position not substantially justified where government liability seemed clear). Here, however, Bazaldua ignores the government's assertedly substantial defenses.