**Shearn MOODY, Jr.,**

v.

**UNITED STATES of America, et al.**

Civ. A. G–82–498.

United States District Court,
S.D. Texas,
Galveston Division.

July 24, 1986.

## ORDER

HUGH GIBSON, District Judge.

Before the Court is the defendant United States' motion for summary judgment on the issue of attorneys' fees. The Court tried this case on January 9–10, 1985 and rendered judgment in favor of the plaintiff. The defendant now contends, *inter alia*, that plaintiff cannot recover attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, because the defendant's position was "substantially justified." This Court agrees.

### Procedural & Factual Background

This action arose from the mailing of a rare, antique gold coin on or about December 1, 1981. Plaintiff Shearn Moody, Jr., the owner of the gold coin, entered into a contract with Goliad Corp., whereby Goliad agreed to sell the coin on plaintiff's behalf for $50,000.00. Plaintiff's agent packaged the coin, insured the package, and mailed it to Goliad. The package reached Goliad, but the gold coin inside was missing.

1. The parties waived their right to a jury trial.

2. The net worth of the plaintiff is one of the criteria for recovering attorneys' fees against the

Unknown to plaintiff's agent, the Postal Service Mail Manual limited the United States' liability for insured parcels to $25,000.00. The postal fee paid at the time the package was mailed included the premium for the maximum amount of indemnity insurance available—$25,000.00. A receipt noting the indemnity limit was duly given to plaintiff's agent at the time of mailing.

Plaintiff filed suit to recover the value of the coin, contending, *inter alia*, that either the Postal Service or Goliad was accountable for the mystery of the missing coin. Goliad denied liability. The United States maintained that it delivered the package intact and that someone removed the coin after delivery. Since the law that governed the litigation was established and settled, the parties' disagreements did not involve different interpretations of the applicable law. Instead, the parties vehemently disputed the factual question of who was responsible for the loss.

After a bench trial [1], the Court found the United States liable, but limited liability to $25,000.00 based on existing postal regulations. Finding plaintiff to be an individual whose net worth exceeded $1 million, the Court denied plaintiff's request for attorneys' fees.[2]

Upon appeal, the Fifth Circuit affirmed this Court's findings of liability, but remanded the issue of attorneys' fees because the net worth limitation established under the Act had been raised to $2,000,000 during the pendency of the appeal, 783 F.2d 1244.

### Discussion

Upon remand, this Court is confronted with the following novel question: Did the United States maintain a "substantially justified" position for purposes of EAJA recovery where its main defense during the litigation consisted of a supportable fact recitation different from that advanced by the plaintiff? This Court answers in the

United States under the EAJA, 28 U.S.C. § 2412(d)(2)(B).

positive, and holds that when the applicable law is established, a genuine factual dispute satisfies the EAJA's "substantial justification" test.[3]

■ Under the express terms of the EAJA, 28 U.S.C. § 2412(d)(1)(A), an award of attorneys' fees against the United States is barred if the "position of the United States" is "substantially justified." The burden of showing substantial justification rests with the government. *S & H Riggers & Erectors, Inc. v. Occupational Safety & Health Review Commission*, 672 F.2d 426, 430 (5th Cir.1982).

■ The 1985 Amendment to the EAJA, Pub.L.No. 99–80 § 2(c)(2), defines "position of the United States" as the government agency's action or failure to act upon which the civil action is based, in addition to the position taken by the United States in the lawsuit. See 28 U.S.C. § 2412(d)(2)(D). *See also Bazaldua v. United States Immigration and Naturalization Service*, 776 F.2d 1266 (5th Cir.1985). The Act, however, is silent on what constitutes "substantial justification." Courts have consistently defined a "substantially justified position" as one having a "reasonable basis *both* in law *and* in fact" (*emphasis added*). *See Russell v. National Mediation Board*, 775 F.2d 1284, 1289 (5th Cir.1985); *Bazaldua, supra*, 776 F.2d at 1269; *Natchez Coca-Cola Bottling Co. v. NLRB*, 750 F.2d 1350, 1352 (5th Cir.1985); *Southern Oregon Citizens Against Toxic Sprays, Inc. v. Clark*, 720 F.2d 1475, 1481 (9th Cir.1983); *United States v. 341.45 Acres of Land*, 751 F.2d 924, 939 (8th Cir.1984); *United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1486 (10th Cir.1984). This language is apparently adopted from passages of legislative history explaining the EAJA. *See* H.R.Rep. No. 1418, 9th Cong., 2d Sess.,

10–11, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 4984, 4989–90.[4]

In the case at bar, the government did not attempt to advance untenable legal positions. It did not raise legal arguments not supported by law or contrary to law. The government's factual contentions were supported by evidence, thereby creating a genuine dispute requiring resolution by a fact finder. The government's proof revealed, based on forensic examination and scientific evidence, that the package in question had to have been opened from the top before the end cut on the envelope was made.

Even if this Court was not persuaded by the government's proof, it must conclude that the United States' position has reasonable basis both in law and in fact. The government is substantially justified in litigating a genuine issue of fact even when it has not contested the law. *See Snowbank Enterprises, Inc. v. United States*, 7 Cl.Ct. 388 (U.S.Cl.Ct.1985); *Hedstrom Lumber Co. v. United States*, 7 Cl.Ct. 510 (U.S.Cl. Ct.1985). Where the resolution of the case turns solely upon an assessment of the probative value of the evidence, the government maintains a substantially justified litigating position in putting the plaintiff to his or her burden of proof. *Alger v. United States*, 741 F.2d 391 (Fed.Cir.1984); *see also Spencer v. NLRB*, 712 F.2d 539, 564 (D.C.Cir.1983), *cert. denied*, 466 U.S. 936, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984) (*dictum*).

Hence, it is ORDERED, ADJUDGED and DECREED that the United States' motion for summary judgment regarding attorneys' fees be, and is hereby, DENIED.

The Fifth Circuit has also remanded the case for an apportionment of costs. Having once again reviewed the record, the

---

**3.** It is obvious to this Court that, based on this Court's findings after trial, plaintiff qualifies as "the prevailing party" within the meaning of the statute. Thus, the Court need not explore this preliminary question.

**4.** The House Committee, in the judiciary report on the EAJA, states:

"The test of whether or not a Government action is substantially justified is essentially one of reasonableness. Where the Government can show that its case had a *reasonable basis both in law and in fact*, no award will be made ..." (*Emphasis Added*) H.R.Rep. No. 1418 at 10, U.S.Code Cong. & Ad.News 1980, p. 4989.

Court concludes that ninety percent of this litigation was spent contesting the United States' liability. Accordingly, the Court will award the plaintiff ninety percent of costs against the United States. It is so ORDERED.

### AMENDED FINAL JUDGMENT

The Court has filed its findings of fact and conclusions of law affixing liability on the part of the United States and directing the entry of judgment in favor of the plaintiff and against the defendant. Such finding has been affirmed by the Fifth Circuit. It is, therefore,

ORDERED, ADJUDGED and DECREED that the plaintiff SHEARN MOODY, JR., do have and recover from the defendant UNITED STATES OF AMERICA the sum of TWENTY–FIVE THOUSAND DOLLARS ($25,000.00).

In accordance with the Fifth Circuit's mandate, this Court has duly considered the issue of attorneys' fees and is of the opinion that summary judgment should be GRANTED for the United States. The Court also finds that the United States should bear ninety percent of costs. Accordingly, it is further

ORDERED, ADJUDGED and DECREED that plaintiff bear his own attorneys' fees; and that plaintiff recover from the United States ninety (90) percent of the costs of court. All relief not expressly granted herein is DENIED.

This is a FINAL JUDGMENT.