**Abdulmajid ARASTO,**
**Plaintiff-Appellant,**

v.

**Paul B. O'NEIL, District Director, U.S. Immigration and Naturalization Service, Houston District Office, Defendant-Appellee.**

**No. 86–2566**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 27, 1986.

Bruce A. Coane, Houston, Tex., for plaintiff-appellant.

Henry K. Oncken, U.S. Atty., Samuel G. Longoria, Frank A. Conforti, James R. Gough, Asst. U.S. Attys., Houston, Tex., for defendant-appellee.

Before GEE, REAVLEY, and JOLLY, Circuit Judges.

PER CURIAM:

This appeal concerns whether the position of the United States in declining voluntarily to stay a deportation was "substantially justified," so as to preclude an award of attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (EAJA). The trial court held that it was, and we affirm.

Appellant Arasto, an overstaying Iranian student, was found deportable in 1981 for failure to comply with the conditions of his non-immigrant status and granted the privilege of departing voluntarily. His appeal to the Board of Immigration Appeals (BIA) was denied, but the Board again granted him the privilege of voluntary departure. In 1985, we affirmed its denial of relief; and a warrant of deportation issued, with notice to Arasto to surrender on May 3 of that year. On April 23, four days after receiving the notice, Arasto married one Sallylou Crawfoot, a United States citizen; and on April 30, he petitioned the BIA to reopen his case by reason of his marriage and stay his imminent deportation the while. It refused; and Arasto filed suit, obtaining an *ex parte* temporary restraining order from the trial court, one that was later continued "until further notice" over the government's objection. It is for fees expended in this legal action that Arasto seeks recovery today.

As of this writing, several further chapters of the Arasto saga have gone down. Following the grant of the restraining order, the defendant District Director denied Arasto's request for a stay of deportation; writing in part:

After consideration of all the factors present, it must be concluded that the applicant does not merit a stay of deportation in the exercise of administrative discretion. He was granted the privilege of departing voluntarily without the stigma of deportation on two occasions. Each grant of the privilege was based on his application, and his convincing the Immigration Judge of his intent, willingness, and ability to depart the United States. In effect, it appears that the applicant had no intent to depart and abused the good will of the Court. The applicant's recent marriage to a United States citizen, contracted subsequent to the Immigration Judge's order and subsequent to a demand that he surrender for deportation, is a post-deportation equity worthy of little discretionary weight. (See *Obitz v. District Director*, 623 F.2d 1331 (9th Cir.1980), *Riasanti* [Riasati] *v. INS*, 738 F.2d 1115, 1118 (10th Cir.1980 [1984]), *Ahwazi v. INS*, 751 F.2d 1120 (9th Cir.1985). The circumstances surrounding the contraction of the marriage lend suspicion to the purpose of the marriage. Furthermore, a pending visa petition does not entitle an alien to a stay of deportation. (See *Armstrong v. INS*, 445 F.2d 1395 (9th Cir.1977 [1971]). Due to applicant's record and the fact that his primary equity, his recent marriage to a

United States citizen, is a post-deportation equity, it is unlikely that he will prevail in an application for the discretionary relief of Adjustment of Status, (See *INS v. Bagmasbad [Bagamasbad]*, 429 U.S. 24, 97 S.Ct. 200, 50 L.Ed.2d 190 (1978).

In August, the BIA granted Arasto's application to reopen his case, ordering a new hearing before the Immigration Judge. Following this, Arasto moved to dismiss this case in view of the BIA's action and for an award of fees under the EAJA. The court dismissed the action as requested but denied the fee request on a finding that the defendant's position in the case was substantially justified. A few months later, Sally Crawfoot filed to withdraw her request that Arasto be granted a visa. Later still, at the reopened hearing, the Immigration Judge denied Arasto's application for stay of deportation, finding that he and Crawfoot were divorced and that the marriage has been a sham from the start, entered into "for the purpose of circumventing the immigration laws of the United States."

The above recitations make plain, we think, that the District Director acted reasonably in denying Arasto a stay of deportation. At the time he did so, Arasto had already broken two promises to depart voluntarily and had, four days after receiving notice to surrender for deportation and ten days before the fatal day, entered into an eleventh hour marriage. The Director was, as his quoted order recites, quite properly suspicious of such a maneuver; and his suspicions have now been shown to have been fully justified. We see nothing unreasonable in his having told Arasto, in effect, "If you want any relief on the basis of such a marriage, you're going to have to get it from the Judge." The trial court correctly concluded that the Director established that his action was reasonable; "substantial justification" requires no more. *Bazaldua v. I.N.S.*, 776 F.2d 1266 (5th Cir.1985).

AFFIRMED.