# ROBAINA v DIVISION OF PROFESSIONAL REGULATION
## Case No. 87-1242D
State of Florida, Division of Administrative Hearings

July 9, 1987

### APPEARANCES OF COUNSEL

**Isidro Garcia,** Florida Rural Legal Services, Inc., for petitioner.

**Lisa M. Bassett,** Department of Professional Regulation, for respondent.

### OPINION

MARY CLARK, Hearing Officer.

Petitioner, Felix Robaina, has requested attorney's fees and costs as the prevailing party in an administrative proceeding involving discipline of his barber's license.

**235**

The parties waived the right to an evidentiary hearing and agreed to submit the case for disposition on the pleadings. The essential facts of the case are uncontroverted, and the remaining issue for determination is whether the actions of the Department of Professional Regulation in *Department of Professional Regulation v. Felix Robaina*, DOAH Case #85-3514, ". . . were substantially justified or special circumstances exist which would make the awards unjust." Section 57.111(4)(a) F.S.. The issue was defined by the parties in a pre-hearing conference on April 14, 1987. See Order, dated April 14, 1987.

## Findings of Fact

1. Felix Robaina is a "prevailing small business party", as provided in section 57.111 F.S.. On March 12, 1987, the Barber's Board filed its Final Order approving and adopting the Hearing Officer's Recommended Order that Felix Robaina be found not guilty of the violations alleged and dismissing the Administrative Complaint.

2. An application for award of attorney's fees and costs was timely filed with the Division of Administrative Hearings on March 25, 1987.

3. The parties have stipulated that the time spent by Mr. Robaina's attorney, Isidro Garcia, 19.25 hours, and hourly rate claimed, $100.00, are reasonable.

4. Costs were expended in the amount of $67.35, reflecting the cost of a copy of the transcript and expenses of mailing.

## Conclusions of Law

1. The Division of Administrative Hearings has jurisdiction in this proceeding pursuant to subsection 57.111(3)(b) F.S. and subsection 120.57(1) F.S..

2. Subsection 57.111(4)(a) F.S., provides,

4(a). Unless otherwise provided by law, an award of attorney's fees and costs shall be made to a prevailing small business party in any adjudicatory proceeding or administrative proceeding pursuant to chapter 120 initiated by a state agency, unless the actions of the agency were substantially justified or special circumstances exist which would make the award unjust.

Subsection 57.111(3)(e) provides,

A proceeding is "substantially justified" if it had a reasonable basis in law and fact at the time it was initiated by a state agency.

3. The Findings of Fact and Conclusions of Law adopted by the Barber's Board in Case #85-3514 establish that the actions of the agency were not "substantially justified."

236

Mr. Robaina was charged with operation of a barber shop without a shop license. He had a barber's license and occupational licenses, but did not understand that he was required to also have a shop license. He did not have a shop license when visited by the DPR investigator, but as soon as she explained the requirement, he applied for and obtained the necessary license. (See Findings of Fact 34 through 7 in DOAH Case #85-3514)

In order to prove the violation charged in the Administrative Complaint, DPR had to prove that the violation was "willful or repeated", as provided in subsection 476.194(2) F.S. (1983).

The violation by Felix Robaina was found neither willful nor repeated. The investigator knew that Mr. Robaina could not speak English and that he was unaware of the requirement for a separate shop license. Respondent argued that every day the shop was operated without a license was a separate violation, and therefore "repeated", but no authority was provided for this proposition. As a pena statute, Section 476.194 F.S. was strictly construed. (See Finding of Fact #6, and Conclusions of Law #4, DOAH Case #85-3514)

4. Counsel for Respondent admits that no authority existed for the argument that Robaina's violation was "repeated". However, she contends that the novelty of the argument should be considered a "special circumstance" defined in Federal case law as the good faith advancement of a novel but creative extension and interpretation of the law. (Respondent to Motion for Attorney's Fees and Costs, citing *S & H Riggers and Erectors v. Occupational Safety and Health Review Commission*, 672 F.2d 426 (U.S. App. Ct. 5th Cir. 1982)). Respondent contends that the argument was justified because the law governing regulation of barbers and barbershop ". . . demanded licensure of barbershop establishments on the one hand, yet provided no language with which to allege a prohibition." (Response, supra. 9. 4) Chapter 476 F.S. was amended, effective October 1, 1985, to make illegal, and provide penalties for, owning or operating an unlicensed barbershop. See sections 476.194 and 476.204 F.S. (1985). The conduct occurred and the complaint was filed prior to the effective date of the amendment. The effect of the Respondent's "novel" argument is retroactive application of the amendment. This is inappropriate. *Hector v. Department of Professional Regulation, Florida Real Estate Commission*, 504 So.2d 469 (Fla. 1st DCA 1987).

5. Unlike section 57.105, F.S., the "Florida Equal Access to Justice Act", section 57.111 F.S. does not require complete absence of a justifiable issue of either law or fact raised by the losing party. It is

reasonable, without Florida case law to assist in interpretation, to place the "substantially justified" standard somewhere between the section 57.105 F.S. standard and the automatic award of fees to a prevailing party. *William L. McCallister v. Department of State, Division of Licensing*, DOAH #87-0724F (Final Order issued June 15, 1987).[1]

The issues raised by DPR in the instant case may have been "justifiable", but, given the version of the law in effect at the time, and the investigator's clear perception that the alleged violation was unwitting, the proceeding had no reasonable basis in law or fact at the time that it was initiated by the state agency. Special circumstances making the award unjust do not exist.

It is therefore,

ORDERED:

That the Department of Professional Regulation pay attorney's fees and costs to Felix Robaina in the amount of $1,992.35.

DONE and ORDERED this 9th day of July, 1987 in Tallahassee, Florida.

---

[1] While Florida's law is too new for meaningful and judicial guidance, the Federal Courts have had several years to grapple with interpretation of a similar Federal act. For an interesting history of the struggle, see Winold, *Institutionalizing An Experiment: The Extension of the Equal Access to Justice Act—Questions Resolved, Questions Remaining*, 14 FLA. ST. U.L. REV. 925 (1987).