**NATCHEZ COCA–COLA BOTTLING CO., INC., Vending Services, Inc., and Southwest Vending Services, Inc., Petitioners,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 84–4295.

United States Court of Appeals, Fifth Circuit.

Jan. 24, 1985.

Kullman, Inman, Bee & Downing, William E. Hester, III, Charles H. Hollis, New Orleans, La., for petitioners.

Elliott Moore, Dept. Asst. Gen. Counsel, Margery Lieber, Susan L. Dolin, Corinna L. Metcalf, N.L.R.B. Washington, D.C., for respondent.

Fred Lewis, Reg. Dir., N.L.R.B. New Orleans, La., for other interested parties.

Before CLARK, Chief Judge, WISDOM, and HIGGINBOTHAM, Circuit Judges.

CLARK, Chief Judge:

### I

Natchez Coca-Cola Bottling Co. (Natchez) appeals the denial of attorney's fees under the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504 *et seq.* Because we find that the General Counsel of the National Labor Relations Board was substantially justified in prosecuting Natchez, we affirm.

### II

The NLRB conducted a union certification election for Natchez employees in which the union lost. The union filed unfair labor practice charges with the NLRB, alleging among other things, that Natchez threatened the employees, interrogated them, and discharged two workers for union activities. The NLRB General Counsel investigated these charges and proceeded with prosecution against Natchez.

The Administrative Law Judge (ALJ) who presided found Natchez guilty of two counts of unlawful surveillance and one count of interrogation. He dismissed the other charges against Natchez. In so doing, the ALJ commented on the lack of credibility of two of the General Counsel's witnesses, Hawkins and Bell. No appeal was taken from this decision.

Natchez then applied for attorney's fees under the EAJA, claiming the General Counsel lacked substantial justification for prosecuting the claims. The same ALJ rejected this application because the General Counsel presented evidence which would constitute a prima facie case of unlawful conduct if credited by the factfinder. He also stated:

> [I]t is not, nor should it be, the duty of the General Counsel to determine the credibility of the affiants which are interviewed in investigating a charge. Where matters of credibility are concerned, they must be left to the fact finding process established to determine the same. To place this initial burden on the General Counsel and during the investigatory stage of the case would not only pose an impossible task but would in itself involve the denial of due process .... Granted that on occasion some amount of injustice may result in the form of costly litigation at the hands of some few untruthful witnesses. However our system of justice, acknowledged not to be perfect, is the best available.

Natchez appealed this decision to the NLRB which affirmed the ALJ's rulings, findings and conclusions. The Board stated, however:

> In affirming the judge's dismissal ..., we do not adopt his remarks ... that the General Counsel lacks authority to make credibility resolutions in the investigative stage of a case, that any such resolutions would involve a denial of due process and, by implication, that conflicting testimony may be resolved only after a hearing.

Natchez now appeals, claiming that the General Counsel lacked substantial justification to prosecute, and that the NLRB's decision was arbitrary and thus an abuse of discretion.

### III

■ The EAJA provides that a prevailing party shall receive attorney's fees and other expenses, "unless the adjudicative officer of the agency finds that the position of the agency as a party ... was substantially justified or that special circumstances make an award unjust." 5 U.S.C. § 504(a)(1). Each stage of the prosecution must be substantially justified, or a party may recover its expenses for the unnecessary proceedings. *Tyler Business Services, Inc. v. N.L.R.B.*, 695 F.2d 73, 75–76 (4th Cir.1982). To show substantial justification, the government bears the burden of proving that the General Counsel's actions had a reasonable basis in both law and fact. *United States v. First Circle National Bank*, 732 F.2d 1444, 1447 (9th Cir.1984). *See also Wyandotte Savings Bank v. N.L. R.B.*, 682 F.2d 119 (6th Cir.1983).

We note at the outset that on October 1, 1984, during the pendency of this appeal, the EAJA expired, due to a "sunset" provision. Pub.L. No. 96–481, Title II, § 203(c), Oct. 21, 1980, 94 Stat. 2327. This law explicitly provides, however, that the EAJA would "continue to apply through final disposition of any adversary adjudication ..., initiated before the date of repeal." *Id.* This appeal is therefore unaffected by the sunset provision.

We also note that the EAJA is only available to "prevailing parties." Natchez did not prevail on three of the eight counts brought against it. In light of our ultimate conclusion that attorney's fees are not warranted here, we need not reach the question of whether Natchez is a prevailing party under the statutory meaning of that term.

■ We can only reverse the decision of the NLRB if we find that it has abused its discretion. 5 U.S.C. § 504(c)(2). Natchez contends that the NLRB abused its discretion in summarily affirming the ALJ's deci-

sion. Specifically, Natchez argues that by rejecting the portion of the ALJ's opinion concerning the need to make credibility choices, the NLRB completely abrogated the entire decision of the ALJ. By failing to substitute new reasons for the decision, the NLRB acted without stating any reasons for its holding. It is an abuse of discretion for an agency to grant judgment without espousing a rational basis for its decision. *See Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971) (construing the Administrative Procedure Act).

■■■ The NLRB, however, did not completely reject the ALJ's opinion. It merely stated that it did not adopt some of the "remarks" contained in the ALJ's decision concerning credibility choices by the General Counsel. That opinion still contained the primary reason for the ALJ's (and NLRB's) holding—namely that the General Counsel had substantial justification to prosecute because he had evidence which would constitute a prima facie case of unlawful conduct if the testimony of his witnesses had been credited. Therefore, the NLRB adopted a rational reason for its decision to affirm.

■■ The NLRB need not explain its decisions in exacting detail. It must, however, provide this court with a sufficient indication of the basis on which it acted, so that we may consider whether that action embodies an abuse of discretion or error of law. *Cf. Kennecott Copper Corp. v. Environmental Protection Agency*, 462 F.2d 846 (D.C.Cir.1972) (discussing agency rule-making proceedings). While neither the decision of the NLRB nor that of the ALJ in this case are paradigms, we cannot say that they fail to provide a sufficient basis for review. Because the opinion of the NLRB provided a rational reason for its decision, we hold that it did not abuse its discretion in affirming the ALJ's opinion.

In addition, we note that our conclusion in this part of the opinion is not crucial to the ultimate decision in this case because our finding in the next section that the General Counsel had substantial justifica-tion precludes an award of attorney's fees. *See United States v. 329.73 Acres, Grenada and Yalobusha Counties*, 704 F.2d 800, 811 (5th Cir.1983) (en banc).

## IV

■■ Natchez contends the General Counsel was unreasonably lax in his investigation of the claims. Had he conducted a proper investigation, he would have discovered the incredulity of his witnesses' testimony. The NLRB Case Handling Manual, Unfair Labor Practice Proceedings, Part I, § 160, imposes a duty upon the General Counsel to make initial credibility determinations when deciding whether to prosecute. While the manual states that in close cases, doubts should be resolved in favor of prosecution, Natchez contends that the lack of credibility was so clear that no reasonable General Counsel would have prosecuted the claim to trial. Thus, the prosecution was without substantial justification.

The ALJ's conclusion that the General Counsel was substantially justified is supported by the evidence. The ALJ found three statutory violations, in part based on the testimony of the "discredited" witnesses, so the lack of credibility was not as obvious as Natchez contends. It was not unreasonable for the General Counsel to infer that the testimony of these witnesses would also support the other allegations. Furthermore, the NLRB case manual explicitly states it does not require that all credibility choices be resolved before trial. The ALJ therefore determined that the General Counsel acted properly in leaving the credibility determination for the fact-finder, based on the facts of this case. We will not lightly overturn this determination, which is based upon an evaluation of the testimony, for we are bound to accept the ALJ's credibility determinations unless clearly erroneous. *N.L.R.B. v. Riley-Beaird, Inc.*, 681 F.2d 1083 (5th Cir.1982).

While the ALJ was unable to credit all the testimony of some of the General Counsel's witnesses, it does not follow that the General Counsel should never have prose-

cuted the suit. The EAJA "should not be read to raise a presumption that the government position was not substantially justified, simply because it lost the case. Nor, in fact, does [it] ... require the Government to establish that its decision to litigate was based on a substantial probability of prevailing." *S & H Riggers & Erectors, Inc. v. Occupational Safety & Health Review Commission*, 672 F.2d 426, 430 (5th Cir.1982), *quoting* H.R.Rep. No. 1418, 96th Cong.2d Sess. 11 *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 4990.

The ALJ believed the General Counsel was not required as a prosecutor to make credibility choices which should be left for the factfinder. After reviewing all of the evidence and assessing the credibility of the witnesses at trial, the ALJ decided to discredit some testimony by two of the General Counsel's witnesses, Bell and Hawkins. His decision was based in part, however, on their demeanor at trial. For example, in discussing Bell's credibility, the ALJ stated: "The words of his testimony came in rapid fire, as if every searching or pointed question was a jab requiring an immediate defense of some sort. Bell's overall testimony and his demeanor and air did in fact portray one who was being persecuted." The ALJ could reasonably determine this assessment of demeanor might not have been apparent to the General Counsel when deciding whether to prosecute. We conclude, therefore, that the ALJ had ample support for his conclusion that the General Counsel's decision to prosecute was substantially justified.

The question remains whether the ALJ based his decision on the wrong standard or whether he merely overstated one of the reasons for that standard. We conclude that he based his decision on the proper standard, but was overbroad in his explanation thereof. The NLRB carefully ensured this vague language would not have precedential value, but affirmed the result the ALJ reached. Thus the NLRB necessarily concluded that the credibility choices in this case were not so clear that the General Counsel lacked substantial justification.

In *329.73 Acres*, we stated that "[i]n some, perhaps many, appeals, the appellate court ... may most readily decide whether the government's appeal was substantially justified ...." 704 F.2d at 811. Based on our review of the record in this case, we agree with the ALJ and NLRB that the General Counsel had substantial justification to prosecute, for the reasons stated above. While in an appropriate case attorney's fees should be awarded if the government prosecutes without substantial justification, we find that attorney's fees are not proper in this case. The judgment of the NLRB is

AFFIRMED.