Lawrence E. MARTIN,
Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of
Health and Human Services,
Defendant-Appellee.

No. 84–3360
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 11, 1985.

Bryan Pedeaux, Richard B. Stricks, New Orleans, La., for plaintiff-appellant.

John P. Volz, U.S. Atty., Nancy A. Nungesser, Asst. U.S. Atty., New Orleans, La., for defendant-appellee.

(Opinion of 12/17/84, 5th Cir.1984, 748 F.2d 1027)

*On Application For Fees and Expenses*

Before RUBIN, RANDALL, and TATE, Circuit Judges.

TATE, Circuit Judge:

The appellant Lawrence Martin, since prevailing on the merits of his appeal, has filed an itemized application for attorney's fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A)–(B).[1] His application follows our original opinion (748 F.2d 1027) in which we reversed the district court's affirmance of the decision of the Secretary of Health and Human Services to deny Martin Social Security disability insurance benefits, and in which we directed entry of an order requiring the Secretary to grant Martin's application.

■ Our decision was entered on December 17, 1984, and the mandate issued on January 8, 1985. Our decision of December 17, 1984, thus finally terminated, favorably to Martin as prevailing party, the litigation with regard to his entitlement to social security disability benefits. His application for attorney's fees and expenses under the Act, in both trial and appellate courts, was filed on January 7, 1985, "within thirty days of final judgment," as required by the Act. 28 U.S.C. § 2412(d)(1)(B). Within the meaning of the Act, the "final judgment" is, in the event of appeal, the judgment of the appellate court, *McDonald v. Schweiker*, 726 F.2d 311, 313–16 (7th Cir.1983), (when appealed, the final

judgment is that by the appellate court), at least where the non-government party was unsuccessful in the trial court and did not prevail until on appeal, *Gold Kist, Inc. v. U.S. Department of Commerce*, 741 F.2d 344, 349 (11th Cir.1984) (holding that the appellate decision is the "final judgment" for purposes of the Act only where, as here, the non-government party has lost in the trial court and prevails only on appeal).

The Secretary opposes Martin's application. She conclusorily asserts that her positions in the district court and on appeal were "substantially justified." The Secretary does not dispute the necessity or reasonableness of any item of Martin's claimed fees and expenses.

We conclude that: (1) fees and expenses under the Equal Access to Justice Act are appropriately awarded in actions for judicial review of the denial of disability benefits; (2) the Secretary was not substantially justified in the positions she took in the district court and on appeal; (3) this is a case in which the appellate court may award the requested fees and expenses; and (4) the fees and expenses Martin claims are reasonable. Accordingly, we award Martin $12,056.25.

## I.

Our original opinion shows that the Secretary denied Martin disability benefits on the ground that his breathing impairment was not "severe." This was the decision she defended in the district court. We found, however, that the Secretary reached the non-severity conclusion by "ignoring" "overwhelming evidence" showing the severity of Martin's impairment. We termed it "inconceivable" that the administrative law judge found only "minimal clinical findings" to support Martin's claimed breathing impairment. We concluded: "Simply put, the Secretary misused the results of ... breathing tests and improperly ignored

---

**1.** Although the Act expired on October 1, 1984, it applies through final "disposition of any action commenced before the date of repeal." *Brown v. Secretary of Health & Human Services,* 747 F.2d 878, 879 n. 1 (3d Cir.1984), *quoting,* Pub.L. No. 96–481, § 204(c). *See Natchez Coca-Cola Bottling Co. v. National Labor Relations Board,* 750 F.2d 1350, 1352, (5th Cir.1985). This action was commenced before October 1, 1984.

all other evidence of record." *Martin v. Heckler,* 748 F.2d 1027, 1032–33 (5th Cir. 1984).

On appeal, having prevailed in the district court, the Secretary advanced the view accepted by the district court that the so-called vocational guidelines—not applied by the Secretary herself at the administrative level—required a finding that Martin was not disabled. We observed that no precedent permitted a court to apply the guidelines for the first time where the Secretary did not apply them at the administrative level. On the other hand, we noted clearly established precedent that made it fundamentally erroneous for the district court to apply the guidelines. The guidelines were inapplicable because Martin had a nonexertional limitation and because *no evidence* showed that Martin could perform sedentary work or that he had transferrable skills (both critical requirements for applying the guidelines).

Finally, we determined that the undisputed evidence showed, under the Secretary's own regulations, that Martin had an impairment *per se* entitling him to disability benefits. We stated that Martin "unquestionably" was entitled to benefits under the *per se* regulations. With considerable understatement, we concluded with the observation that "little justification" existed to explain the Secretary's delay in awarding Martin disability benefits. *Martin v. Heckler,* 748 F.2d 1027, 1035–36 (5th Cir.1984).

## II.

 It is firmly established that attorney's fees and expenses may be awarded under the Equal Access to Justice Act in actions seeking judicial review of the administrative denial of Social Security disability insurance benefits.[2] The Act provides that "a court shall award to a prevailing party ... fees and other expenses ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Act thus places the burden on the United States to show that the stated statutory exceptions make an award of fees and expenses inappropriate.[3]

 The United States is not liable for the payment of fees and expenses merely because it lost.[4] Neither is the United States exempted from the payment of fees and expenses merely because it prevailed at some point in the judicial process—before a magistrate or in the district court, for example.[5] The inquiry in all circumstances where the private party has prevailed is whether the United States has shown either (1) that its position was "substantially justified" or (2) that, because of special circumstances, it would be unjust to impose liability for fees and expenses. And substantially justified, the only exception invoked in this case, means "a reasonable basis both in law and fact." *Natchez Coca-Cola Bottling Co. v. National Labor Relations Board,* 750 F.2d 1350, 1352 (5th Cir.1985); *Houston Agricultural Credit Corp. v. United States,* 736 F.2d 233, 235 (5th Cir.1984). The essential focus is reasonableness.

## III.

We have no difficulty concluding that the Secretary's position in the district court

**2.** *Cook v. Heckler,* 751 F.2d 240 (8th Cir.1984); *Tressler v. Heckler,* 748 F.2d 146 (3d Cir.1984); *Smith v. Heckler,* 739 F.2d 144 (4th Cir.1984); *Cornella v. Schweiker,* 728 F.2d 978, 987–88 (8th Cir.1984); *Wolverton v. Heckler,* 726 F.2d 580 (9th Cir.1984); *McDonald v. Schweiker,* 726 F.2d 311 (7th Cir.1983); *McGill v. Secretary of Health & Human Services,* 712 F.2d 28 (2d Cir.1983). See *Couch v. Secretary of Health & Human Services,* 749 F.2d 359 (6th Cir.1984).

**3.** *Natchez Coca-Cola Bottling Co. v. National Labor Relations Board,* 750 F.2d 1350, 1352 (5th Cir.1984); *S & H Riggers & Erectors, Inc. v.* *Occupational Safety & Health Review Commission,* 672 F.2d 426, 430 (5th Cir.1982).

**4.** *Couch v. Secretary of Health & Human Services,* 749 F.2d 359, 360 (6th Cir.1984).

**5.** *Cornella v. Schweiker,* 741 F.2d 170, 172 (8th Cir.1984); *Martin v. Lauer,* 740 F.2d 36, 43 (D.C. Cir.1984). See *Gold Kist, Inc. v. United States Department of Agriculture,* 741 F.2d 344, 349 (11th Cir.1984); *United States v. First National Bank of Circle,* 732 F.2d 1444, 1447 (9th Cir. 1984); *United States v. 329.73 Acres of Land,* 704 F.2d 800, 811 (5th Cir.1983) (en banc).

and in the court of appeals had no substantial justification.[6] In responding to the application for fees and expenses, the Secretary has not attempted to offer substantial justification. Her conclusory assertion of substantial justification does not discharge her statutory burden.

■ Moreover, we note that we did not reverse because of mere evidentiary or legal ambiguities that required a fuller administrative consideration; nor did we apply novel legal principles about which there were honest differences of opinion. What we did was order the payments of disability benefits to Martin after his three and one-half year odyssey through the administrative bureaucracy and then the courts. In doing so, we held that undisputed evidence showed his *per se* entitlement to benefits. We rejected the Secretary's positions because they were entirely contrary to settled legal principles and in disregard of the evidence in this case. In short, our original opinion shows that the Secretary acted unreasonably and without substantial justification in denying the benefits to which Martin manifestly was entitled. *See Tressler v. Heckler*, 748 F.2d 146 (3d Cir.1984); *Smith v. Heckler*, 739 F.2d 144 (4th Cir. 1984).

### IV.

■ We now reach the amount of fees and expenses to be awarded. For work in the district court, Martin claims 122.10 attorney hours at $75 per hour and 1.75 hours of an expert medical consultant at $100 per hour. This totals to $9,332.50. For work on appeal, Martin claims 38.60 attorney hours at $75 per hour. This totals to $2,895.

These claimed fees and expenses are supported by a detailed contemporary itemization, broken down by the quarter hour, of the work performed. The Secretary does not dispute the reasonableness of the amounts requested. We find the work shown on the itemization to be reasonable and necessary and the hourly compensation rate requested to be reasonable.

### V.

We believe cases involving judicial review of administrative denials of Social Security disability benefits are particularly appropriate for application of the Equal Access to Justice Act, when the government's position is not substantially justified. Martin, for example, is disabled and, by the evidence submitted with his application, poor. He was required to pursue his disability claim for over three and one-half years because the Secretary advanced unreasonable positions with no basis in law or fact. In these circumstances, the award of fees and expenses serves precisely those purposes Congress sought to promote by enacting 28 U.S.C. § 2412(d)(1)(A).

We GRANT Martin's application for fees and expenses in the total amount of $12,227.50.

Application GRANTED.

$12,227.50 AWARDED.

---

6. In some cases, applications for fees and expenses should be considered in the district court in the first instance. In others, we may consider them first. *See United States v. 329.73 Acres of Land*, 704 F.2d 800, 810–11 (5th Cir. 1983) (en banc); *Natchez Coca-Cola Bottling Co. v. National Relations Board*, 750 F.2d 1350, 1354 (5th Cir.1985). We do so in this case because the substantial justification issue as to both district court and appellate proceedings was implicitly settled in our original opinion on the merits. Moreover, there are no factfinding difficulties because the United States has not disputed the quantum of the award Martin has requested. In short, there is nothing to recommend a wasteful, delaying remand to the district court.