**In re GOOD HOPE INDUSTRIES, INC., Debtor.**

**Appeal of UNITED STATES of America.**

**No. 88–2175.**

United States Court of Appeals, First Circuit.

Heard May 3, 1989.
Decided Sept. 29, 1989.

Before CAMPBELL, Chief Judge, TORRUELLA and SELYA, Circuit Judges.

## ORDER OF COURT

Upon consideration of the government's petition for rehearing of the court's order granting sanctions in the amount of $5,000, it is ordered that the petition be denied.

The government appealed an interlocutory order in a bankruptcy case. In an unpublished opinion, we affirmed the district court's determination that the order had become moot. 879 F.2d 853. Thereafter, the debtor-appellee moved for imposition of sanctions against the United States, contending that the appeal had been frivolous from the start.

Appellee's original motion requested attorney's fees in the nature of a sanction in the amount of $25,713.63. The request was grounded on 28 U.S.C. § 2412(b) in conjunction with 28 U.S.C. § 1912 and Federal Rule of Appellate Procedure 38. Section 2412(b) provides,

> Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

Section 1912 provides,

> Where a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs.

Rule 38 provides,

> If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.

In its opposition to the motion for sanctions, the government did not directly address appellee's argument that the provisions quoted above authorized a grant of attorney's fees as sanctions. Now, in its petition for rehearing, the government for the first time argues that the waiver of sovereign immunity contained in section 2412(b) does not extend to an award of attorney's fees under section 1912 and Rule 38.

According to the government, section 2412(b) would waive sovereign immunity so as to allow the awarding of fees against the United States only in the case of statutes that, in haec verba, explicitly provide for awards of "attorney's fees." Since neither section 1912 nor Rule 38 use the words "attorney's fees," the government contends that neither provision "specifically provide[s] for such an award" within the meaning of section 2412(b).

We believe the government's interpretation of section 2412(b) is overly restrictive and would conflict with the statute's purpose. To be sure, neither section 1912 nor Rule 38 use the term "attorney's fees." However, they specifically empower courts to award "just damages," and courts have consistently interpreted that term to include attorney's fees. *Natasha, Inc. v. Evita Marine Charters, Inc.*, 763 F.2d 468, 472 (1st Cir.1985). *See also* Advisory Committee Note to Fed.R.App.P. 38 ("While both [section 1912] and the usual rule on the subject by courts of appeals ... speak of 'damages for delay,' the courts of appeals quite properly allow damages, attorney's fees and other expenses incurred by an appellee if the appeal is frivolous with-

out requiring a showing that the appeal resulted in delay.") (citing cases).

It is clear from the legislative history of section 2412(b) that the latter was intended to make the United States liable for attorney's fees and expenses to the same extent and under the same circumstances as private parties would be liable for fees and expenses. The House Report on section 2412(b) states that:

Section 2412(b) permits a court in its discretion to award attorney fees and other expenses to prevailing parties in civil litigation involving the United States to the same extent it may award fees in cases involving other parties.... The United States would ... be liable under the same standards which govern awards against other parties under Federal statutory exceptions [to the American Rule against awarding attorney's fees], unless the statute . expressly provides otherwise.... This subsection reflects the belief that at a minimum, the United States should be held to the same ·standard in litigating as other parties and that no justification exists for exempting the United States from fee awards in these limited situations.

H.R. Report No. 1418, 96th Cong., 2d Sess. 17, *reprinted in* 1980 U.S.Code Cong. & Admin.News 4953, 4984, 4996. *See also Adamson v. Bowen,* 855 F.2d 668, 672 (10th Cir.1988) ("Congress' key focus [with section 2412(b) ] was that government and private litigants become and remain subject to fees and expenses ·in a parallel manner."). Accordingly, since section 1912 and Rule 38 plainly empower courts to award "attorney's fees" to private litigants, they are statutes "specifically provid[ing] for such an award" within the meaning of section 2412(b). Any other interpretation would be inconsistent with the legislative purpose of section 2412(b).

The United States also argues that since Rule 38 is an exercise of the Supreme Court's rule-making authority, it cannot serve to waive the government's sovereign immunity. This argument is without merit. It is not Rule 38 that by itself waives the government's sovereign immunity. Rath-

er, it is section 2412(b) that waives the government's immunity for purposes of Rule 38. Thus it has been held that Section 2412(b) waives sovereign immunity as to sanctions imposed under Fed.R.Civ.P. 11, including attorney's fees against the United States. *See, e.g., Adamson v. Bowen,* 855 F.2d 668, 672 (10th Cir.1988). *See also* 6 J. Moore, Moore's Federal Practice ¶ 54.78[5.–3], at 54–534 (2d ed. 1988) ("Although the text of § 2412(b) refers to the common law or 'any statute,' the Federal Rules have the force and effect of statute, and the intention to submit the United States to assessment of expenses, including attorney's fees, as sanctions under several Rules that provide for such sanctions, is clear from the legislative history...."). The government's attempt to distinguish the cases applying Rule 11 to the United States on the ground that Rule 11 expressly uses the term "attorney's fee" is unavailing since this language is not required for section 2412(b) to apply. *Cf. Schanen v. United States Department of Justice,* 798 F.2d 348, 350 (9th Cir.1986) (ordering the United States to pay attorneys' fees pursuant to Federal Rule 60(b), which does not refer to "attorney's fees," but provides that a court may relieve a party from a final judgment "upon such terms as are just").

We likewise find no merit in the government's continued insistence that, even if it is subject to section 1912 or Rule 38, its appeal was not frivolous and that, therefore, no sanctions should have been imposed. We have fully considered this issue and see no reason to change our conclusion.

*The petition for rehearing is denied.*