**UNITED STATES, Plaintiff,**

v.

**Kirk Koo CHOW, Defendant.**

No. 93–03–00139.
Slip Op. 94–58.

United States Court of
International Trade.

April 6, 1994.

Frank W. Hunger, Assistant Atty. Gen., David M. Cohen, Director, Civil Div., Commercial Litigation Branch, U.S. Dept. of Justice, Edmund W. Chapman, C. Parker–Harrison, U.S. Customs Service, Washington, DC, of counsel, for plaintiff.

1. David M. Cohen, Director, Commercial Litigation Branch; Edmund W. Chapman, Attorney, Commercial Litigation Branch.

2. C. Parker–Harrison, Attorney, S.W. Region; David F. Greenleaf, District Director Dallas/Ft.

Law Offices of Stephen M. Creskoff, Stephen M. Creskoff, Washington, DC, and Geary, Porter & West, Joseph W. Geary, Dallas, TX, for defendant.

## OPINION

CARMAN, Judge:

Defendant moves pursuant to USCIT Rule 11, 28 U.S.C. § 1927 (1988), 28 U.S.C. § 2412 (1988 & Supp. IV 1992), and the "inherent authority of this Court" for (1) the imposition of sanctions on the United States, the U.S. Customs Service (Customs), and certain employees of the U.S. Department of Justice (Justice)[1] and Customs;[2] (2) the Court to issue a written finding to the Special Counsel, Merit Systems Protection Board stating certain Customs' officers and employees acted arbitrarily and capriciously in withholding records from defendant's counsel;[3] and (3) an evidentiary hearing. Plaintiff opposes defendant's motion.

BACKGROUND

On December 20, 1993, this Court granted defendant Kirk Koo Chow's motion to dismiss an action brought against him by plaintiff. *United States v. Kirk Koo Chow,* 17 CIT ——, 841 F.Supp. 1286 (1993), *appeal docketed,* CAFC Docket No. 94–1213 (Fed. Cir. Feb. 16, 1994) (*Chow*). Plaintiff had commenced the action to recover civil penalties for violations of 19 U.S.C. § 1592 (1988) and to recover marking duties provided in 19 U.S.C. § 1304(f) (1988) pursuant to 19 U.S.C. § 1592(d). *Id.* at ——, 841 F.Supp. at 1286. Plaintiff alleged in its complaint that Mr. Chow (1) aided and abetted NHT and Stanley in entering merchandise into the commerce of the United States by means of fraud and in violation of 19 U.S.C. § 1592(a), and (2) was liable for duties on certain entries from which the country of origin markings were removed. *Id.* at ——, 841 F.Supp. at 1287.

Worth District; Nancy Lee Sherman, Senior Special Agent, Dallas/Ft. Worth District.

3. C. Parker–Harrison and James N. De Stefano, Regional Counsel, S.W. Region.

In dismissing *Chow*, the Court held (1) Customs failed to exhaust its administrative remedies pursuant to 28 U.S.C. § 2637(d) (1988) and failed to provide defendant with due process of law pursuant to U.S. CONST. amend. V and (2) Customs failed to satisfy the particularity requirement of USCIT Rule 9(b). *Id.* at ——, 841 F.Supp. at 1290.

## CONTENTIONS OF THE PARTIES

Defendant argues he should be awarded sanctions because plaintiff and its employees initiated *Chow* and penalty proceedings 91–5501–20001 and 93–5501–20073 without a reasonable inquiry as to the facts, for an improper purpose and in bad faith. According to Chow, he suffered financial and physical injury as a result of plaintiff's improper initiation of the three proceedings and the violation of his constitutional right to due process.

Defendant claims Cohen and Chapman failed to undertake a reasonable inquiry as to whether "the proceedings were well grounded in fact and warranted by existing law, or interposed for any improper purpose." Defendant's Brief at 25. According to defendant, no factual or legal basis existed for paragraphs 5 and 23 of plaintiff's complaint because Chow was not the importer of the merchandise in dispute. Defendant claims because Senior Special Agent Sherman could not point to any admissible evidence demonstrating Chow aided and abetted the alleged marking scheme, her October 5, 1993 deposition indicates conclusively that no factual basis existed for paragraphs 11 and 13 of the complaint.

Additionally, Chow asserts Parker–Harrison and De Stefano violated Customs Regulations 19 C.F.R. §§ 103.5–.11 (1992) by demanding a fee of $3,432.58 prior to examination of any documents which defense counsel had requested pursuant to the Freedom of Information Act (FOIA), in particular 5 U.S.C. § 552 (1988). In further support of his contention that plaintiff and its employees acted in bad faith, defendant argues plaintiff improperly asserted a privilege claim respecting ninety-nine discovery documents.

Defendant requests that the Court award sanctions which include (1) the costs and reasonable attorneys fees and other reasonable expenses incurred by defendant with respect to this action and Customs administrative penalty proceedings 91–5501–20001 and 93–5501–20073; and (2) monetary sanctions against individual Customs and Justice officials found to be acting contrary to US-CIT Rule 11 and/or 28 U.S.C. § 1927.

Plaintiff maintains it did not institute an action against Chow in bad faith, but rather for a proper purpose based upon a reasonable investigation. According to plaintiff, its legal position in the action was one of first impression and was supported by statute, regulation and case law. Contrary to Chow's assertions, the government argues neither it, its attorneys nor other employees unreasonably or vexatiously multiplied the proceedings. Finally, plaintiff argues neither it nor its attorneys violated the FOIA and regardless of any violation, the matter is not within the jurisdiction of this Court.

## DISCUSSION

### A. *Rule 11 Sanctions*

■ Defendant seeks the imposition of Rule 11 sanctions on plaintiff, Cohen and Chapman for failure to conduct a reasonable inquiry. USCIT Rule 11 provides in relevant part:

> The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the plead-

42

ing, motion, or other paper, including a reasonable attorney's fee.

Rule 11 thus imposes an obligation on attorneys to conduct a reasonable inquiry to ensure documents filed with the court are well grounded in fact and the position taken in them is warranted by existing law, and to not file a document for any improper purpose.

■ The Court finds plaintiff and its attorneys satisfied the requirements of USCIT Rule 11 by conducting a reasonable inquiry. Customs conducted an investigation in which it (1) secured summaries of statements made by approximately nineteen former and present Blackhawk and NHT employees indicating management directed them to remove country-of-origin markings from the Blackhawk tool line; (2) obtained approximately thirty samples of altered hand tools from former and present NHT employees; and (3) conducted a Customs regulatory audit of Stanley Works (the company which purchased NHT in an asset sale) with respect to Stanley's domestic manufacturing operations performed on imported socket forgings during 1987. After the case was referred to Justice, the attorney assigned to the case, Chapman, conducted a pre-filing investigation. His investigation consisted of a review of Customs investigation, telephone conferences and a meeting with the relevant Customs personnel involved in the case, and conferences with Justice personnel.

■ Finding plaintiff conducted a reasonable inquiry is not inconsistent with the grounds on which the Court dismissed this action. The Court held in *Chow* that plaintiff failed to state a claim upon which relief could be granted due to its failure to allege fraud with the requisite particularity. *Chow*, 17 CIT at ——, 841 F.Supp. at 1290. Apparently plaintiff simply failed to adequately use the information from its inquiry in drafting its complaint. Similarly, the other grounds upon which *Chow* was dismissed—failure to exhaust administrative remedies and failure to provide due process of law—do not preclude a finding by the Court that plaintiff and its attorneys conducted a reasonable inquiry. The Court, therefore, denies defendant's request for Rule 11 sanctions.

B. *Equal Access to Justice Act*

Defendant also requests the Court to impose sanctions on plaintiff and its attorneys pursuant to the Equal Access to Justice Act (EAJA) for their bad faith in initiating and prosecuting this action. The EAJA provides in relevant part as follows:

§ 2412. Costs and fees

(a)(1) Except as otherwise specifically provided by statute, a judgment for costs, ... but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by ... the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action....

(b) Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a).... *The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law....*

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party ... *unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.*

28 U.S.C. § 2412 (emphasis added). Defendant asserts because a prevailing party could receive attorney fees under the common law if its opponent acted in bad faith, Chow is entitled to attorney fees based on 28 U.S.C. § 2412(b).

■ In order to avoid an award under the EAJA, the government must establish its position was substantially justified or special circumstances exist. *Covington v. Department of Health & Human Servs.*, 818 F.2d 838, 839 (Fed.Cir.1987); H. REP. No. 1418, 96th Cong., 2d Sess. 10–11 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4984, 4989–90. If the government is unable to satisfy this burden,

the Court must award fees and expenses. *Brewer v. American Battle Monuments Comm'n*, 814 F.2d 1564, 1569 (Fed.Cir.1987). Substantial justification requires the government's position be " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). The government may establish the existence of special circumstances by demonstrating it was advancing a novel and credible legal theory in good faith. *American Air Parcel Forwarding Co. v. United States*, 12 CIT 850, 853, 697 F.Supp. 505, 507 (1988).

■ "It is [ ] clear that a court should not lightly infer bad faith on the part of a litigant for purposes of attorney's fees awards." *Atochem v. United States*, 9 CIT 207, 211, 609 F.Supp. 319, 323 (1985). According to the government, its legal position pertaining to post-entry removal of country of origin markings was based on its reasonable interpretation of the relevant statutes, regulations and case law. Because the Court never reached the merits of the action, the Court has no basis to believe plaintiff's interpretation of the law was unreasonable. The Court holds plaintiff has demonstrated it was substantially justified in bringing this action. Furthermore, the Court does not find, and defendant fails to point to, evidence that plaintiff and its attorneys acted in bad faith. Consequently, defendant's motion for sanctions pursuant to 28 U.S.C. § 2412 is denied.

## C.  *28 U.S.C. § 1927 Sanctions*

■ Defendant claims plaintiff's counsel needlessly increased the cost of litigation within the meaning of 28 U.S.C. § 1927, and therefore, requests the Court award him sanctions pursuant to this section. Section 1927 provides as follows:

**§ 1927.  Counsel's liability for excessive costs**

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so *multiplies the proceedings in any case unreasonably and vexatiously* may be required by the court to satisfy personally the excess costs, expenses, and attorneys'

fees reasonably incurred because of such conduct.

28 U.S.C. § 1927 (emphasis added). Defendant has failed to point to anything in the record which establishes the government multiplied the proceedings in this case in an unreasonable or vexatious manner. Accordingly, the Court denies defendant's request for sanctions pursuant to section 1927.

## D.  *Freedom of Information Act*

■ Defendant asks the Court to issue a written finding to the Special Counsel, Merit Systems Protection Board stating certain Customs officers and employees acted arbitrarily and capriciously in withholding records from defendant's counsel. Plaintiff argues this Court does not have jurisdiction over an action based on a violation of the FOIA. Additionally, plaintiff maintains Chow would have had to exhaust his administrative remedies pursuant to 19 C.F.R. § 103.7 before commencing a FOIA action in the district court. Chow claims because plaintiff failed to comply with 19 C.F.R. § 103.9, he is not required to comply with 19 C.F.R. § 103.7. Additionally, Chow maintains he is not requesting this Court adjudicate the merits of a FOIA complaint, but instead issue a written finding pursuant to this Court's "inherent powers."

Chow maintains the Court may issue a written finding pursuant to its "inherent powers," citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991). Defendants in *Chambers* "(1) attempted to deprive [the] Court of jurisdiction by acts of fraud, ... (2) filed false and frivolous pleadings, and (3) attempted, by other tactics of delay, oppression, harassment and massive expense to reduce plaintiff to exhausted compliance." *Id.* at 41, 111 S.Ct. at 2131 (citation omitted). The Court does not agree that plaintiff's alleged improper withholding of documents rises to the level of abuse found in *Chambers*. Furthermore, *Chambers* itself instructs courts to proceed cautiously in using their inherent powers: "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Id.* at 44, 111 S.Ct. at 2132 (citation omitted). The Court, therefore, de-

**44**

nies defendant's request for a written finding.

Additionally, the Court holds defendant's allegation that the government improperly raised privilege claims with respect to ninety-nine documents is unfounded.

CONCLUSION

After considering all of the arguments presented by plaintiff and defendant, the Court holds Kirk Koo Chow is not entitled to sanctions pursuant to USCIT Rule 11, 28 U.S.C. § 1927, 28 U.S.C. § 2412, or the inherent authority of this Court. The Court also denies Chow's request for a written finding pertaining to the alleged violation of the Freedom of Information Act by certain Customs officers and employees. Accordingly, defendant's motion is denied in all respects and this action is dismissed.