St. Pierre v. Chater                    CV-94-232-JD  11/01/95
                UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE


Normand St. Pierre

        v.                              Civil No. 94-232-JD

Shirley S. Chater, Commissioner,
Social Security Administration


                           O R D E R


        On May 25, 1995, the court granted the plaintiff's motion to

reverse the final decision of the defendant, the Secretary of

Health and Human Services ("Secretary").  The court further

ordered that this case be remanded to the Secretary pursuant to

the fourth sentence of 42 U.S.C. § 405(g) for a de novo

determination of the plaintiff's entitlement to benefits in a

manner consistent with the court's rulings.  The Secretary has

not appealed the order.  Before the court is the plaintiff's

motion for attorney's fees and costs under the Equal Access to

Justice Act ("EAJA"), 28 U.S.C. § 2412, (document no. 16).



                          Discussion

I.    Fee Awards Under 28 U.S.C. § 2412(d)

        The EAJA provides in part that

        [e]xcept as otherwise specifically provided by statute,
        a court shall award to a prevailing party other than
        the United States fees and other expenses, in addition
        to any costs awarded pursuant to subsection (a),

incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C.A. § 2412(d)(1)(A) (West 1994).

The Secretary concedes that the plaintiff is a prevailing party for purposes of the EAJA. See Defendant's Memorandum in Opposition to Motion for Fees ("Defendant's Memorandum") at 2 (citing Shalala v. Schaefer, 113 S. Ct. 2625, 2629 (1993)). Thus, the burden of proof shifts to the Secretary to prove by a preponderance of the evidence that its "underlying (agency) position and its litigation position [was] substantially justified." United States v. One Parcel of Real Property, 960 F.2d 200, 208 (1st Cir. 1992) (citing McDonald v. Secretary of Health and Human Servs., 884 F.2d 1468, 1475-76 (1st Cir. 1989)); see Williams v. Bowen, 966 F.2d 1259, 1261 (9th Cir. 1991) (to deny fees court must find that government's conduct was substantially justified at each stage of the proceedings). The fact that the Secretary's position was "incorrect and thus ultimately unsuccessful" does not control the court's determination of whether the position was substantially justified. Morin v. Secretary of Health and Human Servs., 835 F.

2

Supp. 1431, 1434 (D.N.H. 1993); see Pierce v. Underwood, 487 U.S. 552, 568-69 (1988). Rather,

> [i]n order to carry the devoir of persuasion, the government must show that it had a reasonable basis for the facts alleged, that it had a reasonable basis in law for the theories it advanced, and that the former supported the latter.

One Parcel of Real Property, 960 F.2d at 208 (quoting Sierra Club v. Secretary of the Army, 820 F.2d 513, 517 (1st Cir. 1987)). Finally, the determination of whether to award fees under the EAJA is committed to the discretion of the district court. E.g., id.

The Secretary asserts that there is no basis for a fee award because at all times her conduct was substantially justified. Defendant's Memorandum at 6. She argues that her legal and factual positions at both the agency and the federal court level, as advanced in her November 17, 1994, legal memorandum, were reasonable notwithstanding this court's adverse rulings. Id.

In its prior order the court ruled that the administrative law judge ("ALJ") committed reversible error by improperly analyzing the plaintiff's subjective complaints of pain under Avery v. Secretary of Health and Human Servs., 797 F.2d 19 (1st Cir. 1986), and Social Security Ruling ("SSR") 88-13. See St. Pierre v. Secretary of Health and Human Servs., No. 94-232-JD, slip op. at 10-12 (D.N.H. May 25, 1995). The decision was based

3

on two related findings.  First, the court ruled as a matter of law that "activities necessarily undertaken in response to extraordinary circumstances -- particularly when performed inadequately or with extreme pain -- cannot be considered reliable barometers for the Avery analysis."  Id. at 10.  As a result, the court found that

> [t]he ALJ's reliance on the plaintiff's automobile trips as a basis for the subjective pain assessment is in error.  [T]he reliance on this evidence is incompatible with the purpose of Avery and SSR 88-13 because the evidence does not assist the Secretary in understanding the relationship between the medically determinable impairment, the alleged pain, and the plaintiff's ability to work.

Id.  The ruling was based in part on the court's application of Nelson v. Bowen, 882 F.2d 45 (2d Cir. 1989), a directly relevant decision of the Second Circuit, in a manner consistent with the First Circuit's decision in Avery.  Id. at 9-11.  The court finds that the Secretary's reliance on the evidence of the plaintiff's automobile trips, although contrary to law, was reasonable given the apparent absence of directly relevant First Circuit caselaw.

Second, the court ruled that the ALJ's decision was based on a selective application of the factual record.  The court observed:

> The ALJ reasons that because the plaintiff can drive to Dover he can also sit for a certain period of time. See Tr. 26 ("The claimant testified that he drives . . . a distance of 10 to 12 miles which takes him to [sic] 30 to 40 minutes . . . indicative of the ability

4

to sit for a certain amount of time"). This conclusion is based on an inaccurate recitation of the evidence in that the memorandum decision plainly omits any reference to either the extreme circumstances requiring the road trips to Dover or the pain and functional limitations encountered by the plaintiff while driving this relatively short distance. See Tr. 109 ("I've been going back and forth to the hospital. I can't -- when I'm driving the car I can't look all the way to the left and to the right. Just pain, it hurts me").

St. Pierre, slip op. at n.4. The court finds that it was not reasonable for the ALJ to sugarcoat the factual record. The fact that the ALJ's convenient omission of certain evidence may have been inadvertent does not undermine this conclusion.

The court finds that the Secretary's position was not substantially justified, at least with regard to the factual findings announced at the agency level.[1] Such a finding necessarily forecloses the Secretary from proving by a preponderance of the evidence that her position was substantially reasonable within the meaning of the EAJA. See One Parcel of Real Property, 960 F.2d at 28. Accordingly, the plaintiff is entitled to an award of fees under 28 U.S.C. § 2412(d).

---

[1] In a sense, the unreasonable nature of the findings made at the agency level necessarily infects the case at the federal court level to the extent that the Secretary's position before this court was that her administrative findings should be affirmed.

5

## II. Bad Faith Fee Awards Under 28 U.S.C. § 2412(b)

The plaintiff also seeks to recover fees under 28 U.S.C. § 2412(b), which makes "the United States liable for attorney's fees and other expenses to the same extent and under the same circumstances as private parties would be liable" under statute or common law.  In re Good Hope Indus., Inc., 886 F.2d 480, 482 (1st Cir. 1989).  The plaintiff argues that the ALJ's deliberate concealment of certain facts relative to the visits to the plaintiff's hospitalized wife "justifies an award for bad faith." Plaintiff's Memorandum in Support of Motion for Fees ("Plaintiff's Memorandum") at 3 (citing Baker v. Bowen, 839 F.2d 1075 (5th Cir. 1988)).

Federal courts recognize a "bad faith" exception to the general rule that litigants bear their own litigation fees and costs, e.g. Whitney Bros. Co. v. Sprafkin, 60 F.3d 8, 13 (1st Cir. 1995) (citing cases), and  this "very narrow[]" exception is available under the EAJA in the social security context, see, e.g., Baker, 839 F.2d at 1080-81.  The First Circuit has made clear that the "inherent power to shift attorney's fees should be used sparingly and reserved for egregious circumstances," Whitney Bros., 60 F.3d at 13 (quotations omitted), such as where the opposing party has "acted in bad faith, vexatiously, wantonly, or

6

for oppressive reasons," id. (quoting Chambers v. NASCO, 501 U.S. 32, 45-46 (1991)).

Based on its review of the record and its familiarity with the history of this litigation, the court finds that the Secretary has not displayed the level of rascality necessary for the court to award fees for bad faith.

## III. Reasonableness of Claimed Fees

The plaintiff's attorney, J. William Mason, has submitted a detailed itemization of fees and expenses related to his representation of the plaintiff in federal court. According to the bill, 29.20 attorney hours were expended which, at the statutory maximum rate of $75.00 per hour, 28 U.S.C. § 2412(d)(2)(a), amounts to an attorney's fee of $2,190.00. However, Attorney Mason did not charge for .9 hours of work performed on the fee application on July 31, and August 7, 1995, thus reducing the claimed attorney's fee to $2,122.50.[2] The bill also itemizes costs in the amount of $130.08 for the filing of the federal lawsuit and expenses related to service of

---

[2]The plaintiff also submitted the same itemized bill calculated at Attorney Mason's usual fee of $110.00, amounting in a total attorney's fee of $3,212.00, inclusive of time expended on the instant fee application. However, the court need not consider the second bill because fees awarded pursuant to 28 § 2412(d) are statutorily capped at a rate of $75.00 per hour.

process, bringing the total amount claimed under § 2412(d) to $2,252.58. Attorney Mason has submitted an affidavit attesting to the accuracy of his itemized bill.

The Secretary has not challenged the reasonableness of the claimed fee and expenses. See Defendant's Memorandum. The court finds that the tasks described, the time expended, and the hourly compensation claimed are reasonable and appropriate to the circumstances of this case. See generally Martin v. Heckler, 754 F.2d 1262, 1265 (court awarded fees and costs for total amount requested where supported by detailed contemporary itemization and where reasonableness not challenged by Secretary). The plaintiff is awarded $2,252.58, which he has assigned to Attorney Mason. See Plaintiff's Memorandum, Attachment II (executed assignment of attorney's fees under EAJA, dated August 15, 1995).

### Conclusion

The plaintiff's motion for reasonable attorney's fees and costs (document no. 16) is granted with respect to claim under 28 U.S.C. § 2412(d). The Secretary is ordered to pay $2,252.58 to J. William L. Mason, Esquire, 5 Greenleaf Woods Drive, Suite 301, Portsmouth, New Hampshire, 03801, by December 1, 1995.

8

The motion is denied with respect to the claim for fees and costs based on bad faith.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

November 1, 1995

cc:   J. William Mason, Esquire
      David L. Broderick, Esquire