105 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PACIFIC SKY SUPPLY, INC., Petitioner,
v.
FEDERAL AVIATION ADMINISTRATION, Respondent.
 No. 95-70728.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1996.
Decided Dec. 30, 1996.
 
 Petition to Review a Decision of the Federal Aviation Administration, FAA No. 95-18.
 FAA
 AFFIRMED.
 Before: HALL, KOZINSKI and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Pacific Sky Supply, an aircraft parts manufacturer, appeals from an order denying it attorney fees under the Equal Access to Justice Act (EAJA). The litigation began when the FAA assessed a $19,000 civil penalty against Pacific for producing, without a "Parts Manufacturer Approval," replacement parts that could be installed on type-certificated (that is, civilian) aircraft. The relevant regulation states that
 
 
 3
 no person may produce a modification or replacement part for sale for installation on a type certificated product unless it is produced pursuant to a Parts Manufacturer Approval....
 
 
 4
 14 C.F.R. § 21.303. Parts Manufacturer Approvals are part of the scheme by which the FAA regulates the safety of civilian aircraft.
 
 
 5
 In making out its case against Pacific, the FAA claimed that, "[i]f, under all of the surrounding circumstances ... a reasonable [manufacturer] would know that it was reasonably likely that at least some of the parts would be installed on a type-certificated product, then the producer had produced the part 'for sale for installation on a type-certificated product.' " Order and Decision of FAA Administrator (Aug. 4, 1994), at 2. Pacific countered that the regulation required a showing of specific intent or actual knowledge that the replacement part was to be installed on a type-certificated aircraft.
 
 
 6
 The FAA Administrator rejected both arguments, adopting instead a "substantially certain" test. See Decision and Order of FAA Administrator (June 10, 1993), at 5-6 (advancing "substantially certain" standard because narrower interpretation would "create [ ] a loophole for producers who sell [airplane parts] to 'middlemen.' "). The FAA withdrew its complaint against Pacific, but not before the company had incurred several hundred thousand dollars in legal fees.
 
 
 7
 Pacific, as a prevailing party, applied for EAJA reimbursement. The Administrator denied the application on the ground that the position of the FAA in its action against Pacific was "substantially justified." See Order and Decision of FAA Administrator (Aug. 4, 1994), at 10-12, 23.
 
 
 8
 In Pierce v. Underwood, 487 U.S. 552, 565 (1988), the Court explained that substantially justified means " 'justified in substance or in the main'--that is, justified to a degree that could satisfy a reasonable person." To meet this test, "[t]he government must ... show that there is a reasonable basis in truth for the facts alleged in the pleadings; that there exists a reasonable basis in law for the theory it propounds; and that the facts alleged will reasonably support the legal theory advanced." United States v. 2,116 Boxes of Boned Beef, 726 F.2d 1481, 1487 (10th Cir.1984).
 
 
 9
 Here, each of those factors was present. The FAA regulation contained an open-ended mens rea requirement that was likely to engender this type of clarifying litigation. That the FAA advocated something less than an "actual knowledge" requirement is not surprising; its position was not a radical departure from precedent but a plausible interpretation of the regulation. It was, moreover, motivated by legitimate concerns that parts ostensibly sold for use in military aircraft commonly find their way onto civilian planes.
 
 
 10
 True, the FAA's interpretation did not survive the litigation, but it did not need to in order to meet the "substantially justified" test. See United States v. One Parcel of Real Property, 960 F.2d 200, 208 (1st Cir.1992) ("The fact that the government settles a case on unfavorable terms, or loses at trial, does not create a presumption that it operated without substantial justification."); Natchez Coca-Cola Bottling Co., Inc. v. NLRB, 750 F.2d 1350, 1354 (5th Cir.1985) (agency need not prove that decision to litigate "was based on a substantial probability of prevailing"). The FAA was also justified in believing that the facts supported its complaint against Pacific under the "reasonably likely" theory.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3